UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HENRY SCHOENFELD,

        Petitioner,               Case No. 1:07-cv-1042

v.                                    Honorable Robert J. Jonker

CARMEN PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it plainly appears that Petitioner is not entitled to relief in this Court.

**Discussion**

I.      Factual allegations

Petitioner Daniel Henry Schoenfeld is incarcerated with the Michigan Department of Corrections and housed at the Deerfield Correctional Facility. He currently is serving a term of imprisonment of 14 to 42 years, imposed by the Macomb County Circuit Court on October 13, 1992, after Petitioner pleaded guilty to one count of first-degree criminal sexual conduct involving the use of a weapon, in violation of MICH. COMP. LAWS 750.520b(1)(e).

In his habeas application, Petitioner does not challenge his conviction or the imposition of his sentence. Instead, he challenges the denial of his parole and the application of the Michigan parole guidelines by the Michigan Parole Board (MPB).

Petitioner has exhausted his available state-court remedies. The Macomb County Circuit Court denied Petitioner's complaint for writ of habeas corpus on July 14, 2006. Petitioner renewed his complaint in the Michigan Court of Appeals, which denied the writ without discussion on February 26, 2007. The Michigan Supreme Court denied leave to appeal on July 30, 2007.

II.      Analysis

Petitioner raises two grounds for habeas relief. First, he asserts that, in violation of MICH. COMP. LAWS 791.233(3)(6), the MPB did not provide a substantial and compelling reason for departing from the parole guidelines calculation that identified Petitioner as having a high probability of parole. Second, Petitioner contends that he was denied due process when MPB administrative procedures arbitrarily and capriciously labeled him as mentally ill solely on the basis of his criminal sexual conduct conviction.

### A.     Violation of M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 791.233(3)(6)

In his first ground for habeas relief, Petitioner argues that the MPB's decision to deny him parole fails to comport with the requirements of Michigan law.

The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, R<small>ULES</small> G<small>OVERNING</small> H<small>ABEAS</small> C<small>ORPUS</small> C<small>ASES</small>).  The federal courts have no power to intervene on the basis of a perceived error of state law.  *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  The Sixth Circuit has declared that "[f]or excellent reasons, claims that a state erred in interpreting or applying its own criminal law or procedural rules are almost always rejected as grounds for granting the writ of habeas corpus." *Wilson v. Mitchell*, 250 F.3d 388, 396 (6th Cir. 2001) (citation omitted).  Because Petitioner's first asserted ground for habeas relief rests entirely on the failure of the MPB to comply with state law, the claim is not cognizable on habeas review.

### B.     Due Process

In his second ground for habeas relief, Petitioner claims that he was unconstitutionally denied parole in violation of his right to due process when the MPB classified him as mentally ill on the basis of his criminal sexual conduct conviction. Petitioner fails to raise a claim of constitutional magnitude.

Petitioner has no liberty interest in being released on parole.  There is no constitutional or inherent right to be conditionally released before the expiration of a prison

sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  Rather, a liberty interest is present only if state law entitles an inmate to release on parole.  *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole.  Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole.  *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).  Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole.  *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th

Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Furthermore, the presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole." As stated by the Supreme Court, a state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole. *Greenholtz*, 442 U.S. at 7-8. At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board. *See Sweeton*, 27 F.3d at 1165 n.1 (noting that MICH. COMP. LAWS § 791.235 listed "a large number of factors to be taken into account by the board.") Although the current parole guidelines may be more detailed than the former statutory provision, they are still nothing more than factors that are considered by the board in assessing whether parole is appropriate. The fact that the Michigan Parole Board must follow their own procedural statutes and regulations regarding parole does not raise an issue of federal due process. *Id.* at 1165. This is particularly so in light of the fact that the guidelines do not state that the prisoner "must" or "shall" be paroled if the prisoner scores in a certain category; rather, the guidelines still speak in terms of probability, leaving the ultimate determination of parole release with the parole board. In an unpublished decision, the Sixth Circuit has found that where the ultimate decision regarding parole rests with the parole board, a prisoner has no protectable interest in a system which determined a "grid score" for when he would be eligible for parole. *Moran*, 1996 WL 304344, at *2; *accord Aqeel v. Dallman*, No. 90-3459, 1991

WL 7102, at *1 (6th Cir. Jan. 25, 1991) (where statute and guidelines place parole decision in hands of the board, there is no liberty interest).

Petitioner likewise has no liberty interest in his "mentally ill" classification. As a initial factual matter, contrary to Petitioner's assertions, neither the parole score sheet nor any other document attached to Petitioner's complaint explicitly classifies him as "mentally ill." Rather, the score sheet reflects the parole board's assignment of a mental health score of -5 "due to mental health factors set forth in administrative rule 791.7716, section (g)." (*See* Br. in Support, Ex. H, docket #2-8.) Michigan Administrative Rule 791.7716(3)(g) allows the Michigan Parole Board to consider and score an inmate's mental health "as reflected by . . . (i) a psychiatric hospitalization as a result of criminal activity in the background of the prisoner; (ii) a history of physical or sexual assault related to a compulsive, deviant, or psychotic mental state; (iii) a serious psychotic mental state that developed after incarceration; [and/or] (iv) whether subsequent behavior or therapy suggests that improvement has occurred." MICH. ADMIN. CODE R. 791.7716(3)(g) (2006). Given that Petitioner was convicted of one count of first-degree criminal sexual conduct, his -5 mental health score likely indicates the parole board's finding that his history of sexual assault is "related to a compulsive, deviant, or psychotic mental state." *See* MICH. ADMIN. CODE R. 791.7716(3)(g)(ii) (2006). The board's finding that Petitioner's sexual assault history is "compulsive," "deviant," and/or "psychotic" was well within its discretion. Petitioner was convicted of one count of criminal sexual conduct involving the use of a weapon.[1]

Even if Defendants had gone so far as to label Petitioner "mentally ill," such a classification, standing alone, does not implicate an inmate's due process rights. Petitioner correctly

---

[1] *See* MDOC Offender Tracking Information System at http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=227495.

points out that in *Vitek v. Jones*, 445 U.S. 480 (1980), the United States Supreme Court held that an inmate may not be classified as "mentally ill" and involuntarily transferred to a mental hospital without the protections afforded by due process. *Vitek*, 445 U.S. at 487-88. The *Vitek* Court upheld an inmate's due process challenge to a Nebraska law that authorized the transfer of prisoners "suffer[ing] from a mental disease or defect" from a state prison to a mental hospital for mandatory treatment. *Vitek*, 445 U.S. at 483-84. The Court held that "the stigmatizing consequences of a transfer to a mental hospital for involuntary psychiatric treatment, *coupled with* the subjection of the prisoner to mandatory behavior modification as a treatment for mental illness, constitute the kind of deprivations of liberty that requires procedural protections." 445 U.S. at 494 (emphasis added). However, as the Sixth Circuit has pointed out, the *Vitek* Court found a liberty interest in the combination of the "mentally ill" classification with the resultant transfer to a mental hospital for mandatory behavior modification. *Dean v. McWherter*, 70 F.3d 43, 45 (6th Cir. 1995)(citing *Vitek*, 445 U.S. at 494). Classifying a prisoner as "mentally ill," without the accompanying involuntary transfer to a mental hospital and mandatory treatment, does not trigger the due process protections established in *Vitek*. *Dean*, 70 F.3d at 45.

Here, Petitioner complains only that the parole board assigned him a negative score after finding his sexual assault history to be "related to a compulsive, deviant, or psychotic mental state." Because Petitioner was not involuntarily transferred to a mental health facility – or anywhere else – for mandatory behavior modification as a result of the parole board's finding, his reliance on *Vitek* as a source of due process protection is misplaced. *See Dean*, 70 F.3d at 45.

In sum, Petitioner has no constitutionally protected liberty interest in being released on parole. Because Petitioner has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it plainly appears on the face of the petition that Petitioner is not entitled to relief. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: December 5, 2007                           /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).