UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HENRY SCHOENFELD,

      Petitioner,                                                       Case No. 1:07-CV-1042

v.                                                               Hon. Robert J. Jonker

CARMEN PALMER,

      Respondent.
_____/

**<u>ORDER</u>**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 5) filed on December 5, 2007.  On December 13, 2007, Petitioner filed his Objection to the Report and Recommendation (docket # 6).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) (LEXIS through P.L. 110-180). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's Objection. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct. The Report and Recommendation recommends that Petitioner's petition for a writ of habeas corpus be summarily dismissed under Rule 4 because it plainly appears on the face of the petition that Petitioner is not entitled to relief. Petitioner objects. He reasserts his arguments that (1) the Michigan Parole Board used improper rules of statutory construction, and that the Board's use of those rules violated his due process rights, and (2) being classified as mentally ill violates his due process rights.

Both objections are adequately addressed in the Report and Recommendation. First, as explained in the Report and Recommendation, Petitioner has no liberty interest in being paroled; therefore he has no due process claim. *See Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. 2006) ("Michigan law . . . does not create a liberty interest in the granting of parole . . . . Therefore, even if the Parole Board relied on inaccurate information to deny . . . parole, it did not violate any liberty interest protected by the United States Constitution." (citations omitted)). Because a Michigan prisoner has no liberty interest in

parole, the parole board may, without violating due process, grant or deny parole for any permissible reason—*or for no reason at all*—and it may do so under any procedure, and by applying any interpretive rules, it sees fit.  *See Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994) (holding that the Michigan Parole Board does not violate a prisoner's due process rights if it fails to follow its own procedural statutes and regulations).  Under Michigan law parole is a matter of grace, not right.  Second, as explained in the Report and Recommendation, even if Petitioner were classified as mentally ill, that classification would not, without more, violate his due process rights.  *See Dean v. McWherter*, 70 F.3d 43, 45 (6th Cir. 1995) (holding that being classified and labeled as mentally ill, without an effect on another, tangible interest, "is insufficient to give rise to a liberty interest.").

### *Certificate of Appealability*

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A) (Lexis through P.L. 110-180); FED. R. APP. P. 22(b)(1).  Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); In re *Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, the petitioner must demonstrate that reasonable jurists could "debate whether (or,

3

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. But when a district court denies a habeas claim on procedural grounds without addressing the claim's merits, the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). If the district court invokes a plain procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

The Court's dismissal of this action under Rule 4 is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. The Court is invoking the procedural bar provided by Rule 4 to dispose of the case, and as a result Petitioner cannot make the required substantial showing because "a reasonable jurist could not conclude

4

either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed December 5, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus is DISMISSED under Rule 4 because it plainly appears on the face of the petition that Petitioner is not entitled to relief.

2. A certificate of appealability is DENIED.


Dated:   May 2, 2008                         /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             UNITED STATES DISTRICT JUDGE